

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PUSHPINDER WALIA,

                Plaintiff - Appellant,

    v.

MEGAN J. BRENNAN,[*] Postmaster
General; et al.,

                Defendants - Appellees.

No. 13-35144

D.C. No. 2:09-cv-01188-JLR

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 17, 2015[***]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

    Pushpinder Walia appeals pro se from the district court's summary judgment

in her employment action alleging violations of Title VII. We have jurisdiction

---

[*]    Megan J. Brennan has been substituted for her predecessor, John E.
Potter, as Postmaster General under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010).  We affirm.

The district court properly granted summary judgment on Walia's race and national origin discrimination claims because Walia failed to raise a genuine dispute of material fact as to whether defendants' legitimate, nondiscriminatory reasons for their actions were pretextual.  *See id.* at 1155-56, 1158 (providing framework for analyzing a discrimination claim under Title VII and noting that evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Walia's hostile work environment claims because Walia failed to raise a triable dispute as to whether she was subjected to conduct that was motivated by her race or national origin, or for engaging in a protected activity, and also failed to raise a triable issue as to whether defendants' conduct altered the conditions of her employment and created an abusive work environment.  *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004) (elements of a race-based hostile work environment claim); *Ray v. Henderson*, 217 F.3d 1234, 1245-46 (9th Cir. 2000) (requirements for retaliatory harassment under Title VII).

The district court properly granted summary judgment on Walia's retaliation claim because Walia failed to raise a triable dispute as to whether defendants'

legitimate, non-retaliatory reasons for terminating her probationary employment were pretextual. *See Ray*, 217 F.3d at 1240 (elements of a retaliation claim under Title VII); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066, 1069-70 (9th Cir. 2004) (circumstantial evidence of pretext must be specific and substantial).

**AFFIRMED.**